UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM VON FLOWERS,
        Petitioner,

v.                                         Case No. 04-C-1041

BRYAN BARTOW, Director,
Wisconsin Resource Center,
        Respondent.

## ORDER

On October 24, 2004, petitioner, William von Flowers, filed a document entitled "Petition for Declaration of Rights to Seek Habeas Corpus." In his prayer for relief he seeks an order "declaring petitioner's rights to file for habeas corpus and/or any action this court deems appropriate consistent with the following:"

> . . . .
>
> [III] The controversy the petitioner desire[s] to take against his civil confinement does not challenge Wisconsin statutory section § 980.06 the initial commitment, but is focused, instead, upon the years of confinement that followed under Wisconsin statutory section § 980.10.
>
> [IV] Pursuant to Article I, § 9, clause 2 of the Constitution, the petitioner ha[s] a constitutional right to challenge the continuation of his confinement and/or inadequacy of Wisconsin statutory section § 980.10 by filing an application in the federal district court after exhausting his State court remedies as required by title 28 United States Code 2254(a).

(Pet. at 7-8.)

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, district court judges must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be

notified. Otherwise the judge shall order the respondent to file an answer. Rule 4, Rules Governing § 2254 Cases. During the initial review of habeas petitions, the court looks to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The case was randomly assigned to Magistrate Judge William E. Callahan. Judge Callahan recommended that petitioner's submission entitled "Petition for Declaration of Rights to Seek Habeas Corpus" be dismissed and that his "Motion to Proceed In Forma Pauperis with Habeas Corpus Pleading" be denied. He concluded that the petition was a "second or successive petition" and must be dismissed. See 28 U.S.C. § 2244(b)(1). He also concluded that to the extent that petitioner raised a claim that was not raised previously, the court does not have jurisdiction to consider the claim absent receiving authorization to do so from the Seventh Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(2) and (3).

Petitioner filed a timely objection. Where a party timely objects to a magistrate judge's recommendation, I conduct a de novo review of the objected-to portions, 28 U.S.C. § 636(b)(1); see United States v. Raddatz, 447 U.S. 667, 673-76, 65 L. Ed. 2d 424, 100 S. Ct. 2406 (1980), and may review de novo any other aspects as I see fit, see Delgado v. Bowen, 782 F.2d 79, 81-82 (7th Cir. 1986).

In his objection, petitioner reiterates many of the same claims he made in his initial filing. Petitioner claims that the Antiterrorism and Effective Death Penalty Act of 1996 is unconstitutional as applied to persons confined pursuant to Wis. Ch. 980 which provides for the civil commitment of sexually violent persons. In his objection, he also acknowledges that "the Magistrate judge construing petitioner's action into a petition for writ

of habeas corpus is now practical under the circumstances." (Objection at 2.)

After reviewing the record, I conclude that I must dismiss the petition. Petitioner has already filed a habeas corpus petition and thus, the instant petition is a "second or successive" petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Thus, any claim presented in his previous habeas petition must be dismissed.

Moreover, even if petitioner raises claims in the present petition that were not raised in his previous petition, I do not have jurisdiction to consider these claims without receiving authorization from the Seventh Circuit Court of Appeals to do so. See 28 U.S.C. § 2244(b)(2) and (3); see also Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (stating that "[a] district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing").

Finally, petitioner's motion to proceed in forma pauperis under 28 U.S.C. §1915 will be denied. Ordinarily, a habeas petitioner must pay a statutory filing fee of $5 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Because the statutory filing fee for an application for a writ of habeas corpus is only $5, however, a petitioner will rarely have insufficient income

or assets to pay the fee. Upon review of petitioner's affidavit, the court is satisfied that the petitioner has sufficient assets or income to pay the $5 filing fee. Petitioner earns approximately $40 per month and has a balance in his account of $25. Thus, he is capable of paying the $5 fee.

**THEREFORE, IT IS ORDERED** that the petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS ORDERED** that petitioner's "Motion to Proceed in Forma Pauperis with Habeas Corpus Pleading" is **DENIED.**

Dated at Milwaukee, Wisconsin, this 25 day of April, 2005.

/s_____
LYNN ADELMAN
District Judge